IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10876
Summary Calendar
_____

LEE NICHOLS MILLER,

Plaintiff-Appellant,

versus

MEDICAL STAFF, Allred Unit; HARRY EDWARDS, Unit Health
Administrator; VINEED KUMAR, Nurse; CHANEY, Nurse; PATRICIA
BRACKEEN, Nurse; DIDLO, Doctor; ORE, Doctor; UNKNOWN NURSE,
Number One and Number Two; ROBYN WEBB, Nurse; CHRIS WALLS, Texas
Department of Criminal Justice Officer; KAREN DEBORAH WALLS;
DAVID W. ELLIOT, Texas Department of Criminal Justice Officer;
JOHN D. COLE, Sergeant; MARK E. ADKINSON, Lieutenant; RONALD
W. FERGUSAN, Officer DANIEL W. MORIARTY, Officer; MACK, Sergeant;
DAVIS, Dayshift Officer; GREENE, Officer; AL GIBBONS, Volunteer
Chaplain; GRIEVANCE OFFICER, Numbers 1-7; MOONEYHAM, Assistant
Warden; WATHEN; GUY ELLIOT, Director, Community Supervision and
Corrections Department; BARRY L. MACHA, District Attorney Wichita
Falls; ATTORNEYS, Seven,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-99-R
--------------------
February 13, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Lee Nichols Miller, Texas prisoner # 688520, has filed an

application for leave to proceed in forma pauperis (IFP) on

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Miller is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Miller's IFP "motion must be directed solely to the trial court's reasons for the certification decision." Id.

Miller does not address the district court's reasons for certification that appeal was not taken in good faith (i.e., his failure to comply with the court's order to file an amended complaint). Because Miller does not provide any analysis of this issue, he therefore waives any appeal of it. See United States v. Reyes, 300 F.3d 555, 558 n.2 (5th Cir. 2002); American States Ins. Co. v. Bailey, 133 F.3d 363, 372 (5th Cir. 1998).

Miller has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Miller's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Miller's motion for appointment of counsel is also DENIED.

Miller is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Miller is also cautioned that if he accumulates three strikes

under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under emanate danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

MOTIONS DENIED; SANCTION WARNING ISSUED.